People v Allen (2022 NY Slip Op 05647)

People v Allen

2022 NY Slip Op 05647

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

741 KA 21-01755

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
PAUL R. ALLEN, DEFENDANT-RESPONDENT. 

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Oswego County Court (Walter W. Hafner, Jr., J.), entered August 23, 2021. The order granted the motion of defendant to set aside a jury verdict. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is denied, the verdict is reinstated and the matter is remitted to Oswego County Court for sentencing.
Memorandum: The People appeal from an order granting defendant's motion pursuant to CPL 330.30 (1) to set aside the jury verdict finding him guilty of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [2], [4]). We agree with the People that County Court erred in granting the motion. Pursuant to CPL 330.30 (1), following the issuance of a verdict and before sentencing a court may set aside a verdict on "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court." Defendant's motion to set aside the verdict pursuant to CPL 330.30 (1) was procedurally improper because it was "premised on matters outside the existing trial record, and CPL 330.30 (1) did not permit defendant[] to expand the record to include matters that did not 'appear[ ] in the record' prior to the filing of the motion[]" (People v Giles, 24 NY3d 1066, 1068 [2014], cert denied 577 US 828 [2015]; see People v Robinson, 158 AD3d 1263, 1265 [4th Dept 2018], lv denied 32 NY3d 1067 [2018]). We therefore reverse the order, deny the motion, and reinstate the verdict inasmuch as defendant's claim was not reviewable pursuant to CPL 330.30 (1) (see generally Robinson, 158 AD3d at 1265); we remit the matter to
County Court for sentencing.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court